## In re MULL'S ESTATE.

*(Surrogate's Court, New York County.   May 24, 1888.)*

EXECUTORS AND ADMINISTRATORS—ACTIONS AGAINST—COSTS—PERSONAL LIABILITY.
Where the executor of the estate of his deceased partner denied the existence of any assets, and on final settlement he was found chargeable with a large amount,. he is personally liable for the costs of the proceeding.

On motion for adjustment of costs.
J. H. Whitlegge, for petitioner.   E. W. Chamberlain, for C. E. Mull et al.   Leeds & Morse, for legatee, E. Horve.   Austin J. Perry, for executor,. George B. Lawton.

RANSOM, Surr.   The rule laid down for the guidance of the exercise of the discretion of the surrogate in a case of this character is well stated in 3 Williams, Ex'rs, (6th Amer. Ed.) 2146: "Where, upon the final settlement of an estate, a contest arises between the administrator and distributees as to whether a particular fund is assets of the estate, or belongs to the administrator individually, and the decision is made in favor of the distributees, the administrator is personally liable for the cost of the proceeding."   It is more briefly set forth in 2 Daniell, Ch. Pr. (5th Amer. Ed.) 1419, as follows: "An executor will be liable to costs if he denies assets, and the contrary is proved. against him."   The fund in dispute here consists of the partnership property, the executor having consistently and continually denied the interest of the decedent therein.   He originally denied the existence of any assets except two pieces of real estate, one of which was a leasehold property, and before the first referee (Mr. Webster) obtained a report that there was an indebtedness of several thousand dollars due to him from the estate, and that there was nothing which could go to the legatees.   This report was excepted to and overruled, the court holding that the partnership continued till the death of

the testatrix, and sent the matter back to a new referee, who reported assets exceeding $65,000, and various pieces of real estate of large value, in which the deceased had a one-half interest. It is scarcely possible to conceive of a case which would come more clearly within the rule stated. The motion is granted. The manner in which the bills of costs have been disposed will appear upon an inspection of the same.